**ST. REGIS PAPER COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 77–1699.

United States Court of Appeals, Sixth Circuit.

July 1, 1980.

Guy Farmer, Farmer, Shibley, McGuinn & Flood, Washington, D. C., Robert E. Jackson, New York City, for petitioner.

Elliott Moore, Howard E. Perlstein, Deputy Associate Gen. Counsel, Ruth E. Peters, National Labor Relations Board, Washington, D. C., Director, Region 1, N.L.R.B., Boston, Mass., for respondent.

Before EDWARDS, Chief Judge, MERRITT, Circuit Judge, and PECK, Senior Circuit Judge.

ORDER

Petitioner, St. Regis Paper Co., seeks review of a Board order directing the Company to reinstate fired employees. The Board cross-petitions for enforcement, having found violations of Section 8(a)(1) and (3) of the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.*

The Company is a New York corporation that manufactures and sells pulp, paper and other products. On July 17, 1975, the International Association of Machinists and

Aerospace Workers filed a representation petition with the Board, seeking to be designated as the representative of a bargaining unit composed of certain Company employees. Before an election was held, however, certain employees, the alleged victims of unfair labor practices, went on strike. The purpose of the strike was to gain recognition of a rival union, the Maine Woodsmen's Association. The Company thereafter fired these employees.

On the basis of these facts, the Board found that the Company violated Section 8(a)(1)[1] and (3)[2] of the Act by firing the employees for striking, and then failing to reinstate them. See 232 N.L.R.B. No. 166.

▇▇▇ As the Board acknowledges, however, this Court has decided this precise issue to the contrary. "If, during the pendency of . . . proceedings for an election to determine the bargaining agent, the . . . Company had recognized [another union] as bargaining agent, it would have been guilty of an interference with the Board's election procedures, as well as an unfair labor practice, in violation of Section 8(a)(1) of the Act. . . . [A] boycott to compel [the Company] to commit an unlawful act would obviously be for an unlawful purpose . . . and [is] not protected by the Act." (footnotes omitted) *Hoover Co. v. N.L.R.B.*, 191 F.2d 380, 386 (6th Cir. 1951); *accord, Ohio Ferro-Alloys Corp. v. N.L.R.B.*, 213 F.2d 646 (6th Cir. 1954). Accordingly, we decline enforcement of the Board's order.

---

1. Section 8(a)(1) declares it an unfair labor practice "to interfere with, restrain, or coerce employees in the exercise" of Section 7. Section 7, in turn, provides that "employees shall have the right to . . . join or assist labor organizations."

2. Section 8(a)(3) states that it is an unfair labor practice to discharge employees for engaging in Section 7 activities.